The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



John P. Gustafson
United States Bankruptcy Judge

Dated: January 26 2023

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In Re: | : | Chapter 13 Proceeding |
| | : | |
| Kenyatta Donald-Ray Ginn and | : | Case No. 22-60993 |
| | : | |
| Mallory Kyle Ginn, | : | Judge John Gustafson |
| | : | |
| Debtors. | : | |

## ORDER CONFIRMING PLAN

The Chapter 13 Plan in this case, filed as attached, came on for Confirmation at a hearing before the Court. Based upon the papers filed in this case, information presented by the Chapter 13 Trustee (the "Trustee") and such other matters, if any, presented by Debtor (or Debtors in a joint case) (the "Debtor"), Debtor's Counsel, any Objections, or any other interested party, the Court finds that:

1. Notice of the confirmation hearing was duly given.

2. The Plan complies with applicable provisions of Title 11 of the United States Code (the "Bankruptcy Code").

**IT IS THEREFORE ORDERED THAT:**

1. The Plan is confirmed in all respects not contrary to prior or subsequent orders of the Court.

2. Debtor shall not incur additional debt exceeding $2,000.00 in the aggregate without notice to the Trustee and approval of the Court, except that debt for the purchase or lease of a motor vehicle may be incurred in excess of the $2,000.00 limit with prior approval of the Chapter 13 Trustee in conformance with Administrative Order No. 21-1.

3. Debtor shall not transfer any interest in real property without the Court's approval.

4. All property of the estate scheduled in accordance with Bankruptcy Rule 1007(h), shall vest in Debtor(s) pursuant to 11 U.S.C. §1327(b). All property of the estate that is not properly scheduled, or any property that is acquired subsequent to the filing of the petition, does not vest to Debtor(s) and remains property of the estate unless otherwise Court ordered.

5. The Attorney for Debtor(s) is hereby awarded a total fee of $3,350.00, of which $600.00 has been paid. The balance will be paid through the Chapter 13 Plan as an administrative claim pursuant to 11 U.S.C §503(b)(2).

6. Interest shall be paid to non-governmental creditors with a valid security interest in personal property belonging to Debtor(s) at the Presumptive Interest Rate calculated in accordance with Administrative Order No. 17-2, or at the rate as indicated in a validly filed proof of claim, whichever is less. This section shall not apply to any creditor who has obtained a separate Order from this Court regarding the applicable interest rate on its claim.

###

**Submitted By:**

/s/ Dynele L. Schinker-Kuharich
Dynele L. Schinker-Kuharich
Chapter 13 Trustee
A. Michelle Jackson Limas (#0074750)
Staff Counsel to the Chapter 13 Trustee
200 Market Avenue North, Suite 30
Canton, Ohio 44702
Telephone: 330.455.2222
Facsimile: 330.754.6133
Email: DLSK@Chapter13Canton.com

**NOTICES TO:**

Office of the United States Trustee, via the Court's Electronic Case Filing System at [RegisteredEmailAddress]@usdoj.gov

Office of the Chapter 13 Trustee, via the Court's Electronic Case Filing System at DLSK@Chapter13Canton.com

Deborah L. Mack, Counsel for Kenyatta Donald-Ray and Mallory Kyle Ginn, via the Court's Electronic Case Filing System at Debbie@ohiofinancial.lawyer

Kenyatta Donald-Ray Ginn, Debtor, via regular mail at:
2000 Willowood Dr. N
Mansfield, OH 44903

Mallory Kyle Ginn, Debtor, via regular mail at:
2000 Willowood Dr. N
Mansfield, OH 44903

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | Kenyatta | Donald-Ray | Ginn |
| | First Name | Middle Name | Last Name |
| Debtor 2 | Mallory | Kyle | Ginn |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: NORTHERN DISTRICT OF OHIO

Case number:
(If known)

22-60993

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113
# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

2.1 Debtor(s) will make regular payments to the trustee as follows:

$878.35 per Month for 36 months

See Docket No. 23
Order dated 1-19-2023

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 Regular payments to the trustee will be made from future income in the following manner.

Check all that apply:
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.
☑ Other (specify method of payment):
payroll deduction on Co-Debtor

2.3 Income tax refunds.
   Check one.

APPENDIX D                    Chapter 13 Plan                    Page 1

22-60993-jpg    Doc 2    FILED 09/30/22    ENTERED 09/30/22 14:16:52    Page 1 of 6
22-60993-jpg    Doc 26    FILED 01/26/23    ENTERED 01/26/23 15:10:24    Page 4 of 12

| | Debtor | Kenyatta Donald-Ray Ginn<br>Mallory Kyle Ginn | Case number | 22-60993 |
|---|---|---|---|---|

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☑ Debtor(s) will treat income refunds as follows:
Debtors will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term -- if and only if the tax refunds for that year are over $1500.

See Docket No. 23
Order dated 1-19-2023

**2.4 Additional payments.**
*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $31,620.60.

**Part 3: Treatment of Secured Claims**

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3 **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Credit Acceptance | 2016 Chevrolet Equinox 103,676 miles Kelly Blue Book - private party value | $12,887.00 | 8.25% | $352.29<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $9,511.81 |

*Insert additional claims as needed.*

3.4 **Lien avoidance.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

Official Form 113      Chapter 13 Plan      Page 2

22-60993-jpg   Doc 2   FILED 09/30/22   ENTERED 09/30/22 14:16:52   Page 2 of 6
22-60993-jpg   Doc 26   FILED 01/26/23   ENTERED 01/26/23 15:10:24   Page 5 of 12

| Debtor | Kenyatta Donald-Ray Ginn<br>Mallory Kyle Ginn | Case number | 22-60993 |
|---|---|---|---|

*The remainder of this section will be effective only if the applicable box in Part 1 of this plan is checked*

[✓] The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| **Name of Creditor**<br><br>American First Finance | a. Amount of lien | $750.00 | **Amount of secured claim after avoidance** (line a minus line f) |
| | b. Amount of all other liens | $0.00 | |
| | c. Value of claimed exemptions | $4,000.00 | |
| **Collateral**<br>Household goods, furniture and appliances<br>Lien is against bedroom furniture fmv $2000 | d. Total of adding lines a, b, and c | $4,750.00 | **Interest rate** (if applicable)<br>% |
| **Lien identification** (such as judgment date, date of lien recording, book and page number)<br>Agreement, Non-Purchase Money Security<br>8/2021 | e. Value of debtor(s)' interest in property | -$3,500.00 | **Monthly plan payment on secured claim** |
| | f. Subtract line e from line d. | $1,250.00 | |
| | Extent of exemption impairment *(Check applicable box)*:<br>[✓] Line f is equal to or greater than line a.<br>The entire lien is avoided *(Do not complete the next column)*<br><br>[ ] Line f is less than line a.<br>A portion of the lien is avoided. *(Complete the next column)* | | **Estimated total payments on secured claim** |

*Insert additional claims as needed.*

**3.5    Surrender of collateral.**

*Check one.*
   [✓]   None. If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**Part 4:   Treatment of Fees and Priority Claims**

**4.1    General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be <u>10.00</u>% of plan payments; and during the plan term, they are estimated to total $<u>3,162.24</u>.

**4.3    Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $<u>2,750.00</u>.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

22-60993-jpg    Doc 2    FILED 09/30/22    ENTERED 09/30/22 14:16:52    Page 3 of 6
22-60993-jpg    Doc 26    FILED 01/26/23    ENTERED 01/26/23 15:10:24    Page 6 of 12

Debtor   Kenyatta Donald-Ray Ginn
         Mallory Kyle Ginn                          Case number   22-60993

- [✓] **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5   Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
- [✓] **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

---

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1   Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

- [✓] The sum of $ 3,529.75 .
- [ ] _____% of the total amount of these claims, an estimated payment of $_____.
- [ ] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

See Docket No. 23
Order dated 1-19-2023

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ 0.00 . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2   Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

- [✓] **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3   Other separately classified nonpriority unsecured claims.** *Check one.*

- [ ] **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*
- [✓] The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows

| Name of Creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|
| Ashland County CSEA | Child support for Kennedy | $10,000.00 | 0.00% | $10,000.00 |
| Richland County CSEA | Child support for Ariyah | $2,251.00 | 0.00% | $2,251.00 |

*Insert additional claims as needed.*

---

### Part 6: Executory Contracts and Unexpired Leases

**6.1**   The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

- [✓] **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

---

### Part 7: Vesting of Property of the Estate

**7.1**   Property of the estate will vest in the debtor(s) upon
*Check the applicable box:*
- [✓] plan confirmation.
- [ ] entry of discharge.
- [ ] other:

### Part 8: Nonstandard Plan Provisions

Official Form 113                Chapter 13 Plan                Page 4

22-60993-jpg   Doc 2    FILED 09/30/22   ENTERED 09/30/22 14:16:52   Page 4 of 6
22-60993-jpg   Doc 26   FILED 01/26/23   ENTERED 01/26/23 15:10:24   Page 7 of 12

| Debtor | Kenyatta Donald-Ray Ginn | Case number | 22-60993 |
|---|---|---|---|
| | Mallory Kyle Ginn | | |

**8.1 Check "None" or List Nonstandard Plan Provisions**

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9: Signature(s):

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X /s/ Kenyatta Donald-Ray Ginn  
   Kenyatta Donald-Ray Ginn  
   Signature of Debtor 1

Executed on 9/22/2022

X /s/ Mallory Kyle Ginn  
   Mallory Kyle Ginn  
   Signature of Debtor 2

Executed on 9/22/2022

X /s/ Deborah L Mack  
   Deborah L Mack 0067347  
   Signature of Attorney for Debtor(s)

Date 9/22/2022

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

Official Form 113          Chapter 13 Plan          Page 5

22-60993-jpg    Doc 2    FILED 09/30/22    ENTERED 09/30/22 14:16:52    Page 5 of 6
22-60993-jpg    Doc 26    FILED 01/26/23    ENTERED 01/26/23 15:10:24    Page 8 of 12

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $9,511.81 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $5,912.24 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $3,529.75 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $12,251.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* + | $0.00 |
| | **Total of lines a through j** | $31,204.80 |

Official Form 113                       Chapter 13 Plan                       Page 6

22-60993-jpg    Doc 2    FILED 09/30/22    ENTERED 09/30/22 14:16:52    Page 6 of 6
22-60993-jpg    Doc 26   FILED 01/26/23    ENTERED 01/26/23 15:10:24    Page 9 of 12

The court incorporates by reference in this paragraph and adopts as the findings and orders
of this court the document set forth below. This document has been entered electronically in
the record of the United States Bankruptcy Court for the Northern District of Ohio.



John P. Gustafson
United States Bankruptcy Judge

Dated: January 19 2023

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | : | **Chapter 13 Proceeding** |
| Kenyatta Donald-Ray Ginn and | : | Case No. 22-60993 |
| Mallory Kyle Ginn, | : | Judge John Gustafson |
| Debtors. | : | |

### JOINT STIPULATION

Now comes Chapter 13 Trustee, Dynele L. Schinker-Kuharich, and Debtors, Kenyatta Donald-Ray Ginn and Mallory Kyle Ginn, by and through the undersigned counsel, and jointly stipulate and agree to the following:

1. Part 2.1 of the Plan is hereby amended to indicate that the applicable commitment period is sixty (60) months.

2. Part 2.1 of the Plan is hereby amended to indicate that the payment shall increase to $1,429.00 per month beginning February 2025 when the orthodontist payment ends.

3. Part 2.3 of the plan is hereby amended to check box two (2) indicating that Debtors will supply the Trustee with a copy of each income tax return filed during the plan term within fourteen (14) days and will turn over to the Trustee all income tax refunds received during the plan term.

4. Part 5.1 of the Plan is hereby amended to indicate that the Chapter 7 value in the 2016 Grand Caravan shall be $3,529.00.

5. Part 5.1 of the Plan is hereby amended to indicate that the allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, the funds remaining after disbursements have been made to all other creditors provided for in this plan.

**THEREFORE, IT IS THE ORDER OF THIS COURT** that the Plan of the Debtor(s) is amended as stated above.

###

**Submitted By:**

/s/ A. Michelle Jackson Limas
Dynele L. Schinker-Kuharich (0069389)
Chapter 13 Trustee
A. Michelle Jackson Limas (0074750)
Staff Counsel to the Chapter 13 Trustee
200 Market Avenue North, Ste. 30
Canton, OH 44702
Telephone: 330.455.2222
Facsimile: 330.754.6133
Email: DLSK@Chapter13Canton.com

**Approved By:**

/s/ Deborah L. Mack
Deborah L. Mack (0067347)
Counsel for Kenyatta Donald-Ray and Mallory Kyle Ginn
53 East Main Street
Lexington, OH 44904
Telephone: 419.884.4600
Facsimile: 800.410-3620
Email: Debbie@ohiofinancial.lawyer

**NOTICES TO:**

Office of the United States Trustee, via the Court's Electronic Case Filing System at [RegisteredEmailAddress]@usdoj.gov

Office of the Chapter 13 Trustee, via the Court's Electronic Case Filing System at dlsk@Chapter13Canton.com

Deborah L. Mack, Counsel for Kenyatta Donald-Ray and Mallory Kyle Ginn, via the Court's Electronic Case Filing System at Debbie@ohiofinancial.lawyer

Kenyatta Donald-Ray Ginn, Debtor, via regular mail at:
2000 Willowood Dr. N
Mansfield, OH 44903

Mallory Kyle Ginn, Debtor, via regular mail at:
2000 Willowood Dr. N
Mansfield, OH 44903